Wavrunek v. Frank C. Schilling Co. 180 Wis. 117.

WAVRUNEK, Appellant, vs. FRANK C. SCHILLING COMPANY, Respondent.

*February 7—March 6, 1923.*

*Appeal: Error not affecting result reached.*

On appeal by plaintiff from a judgment for defendant in an action for personal injuries received in a collision with a motor truck, where no actionable negligence in the management of the truck was shown, the judgment must be affirmed under sec. 3072*m*, Stats., even if plaintiff's assignments of error were well taken, the result reached in the trial court being clearly right.

APPEAL from a judgment of the circuit court for Brown county: CHESTER A. FOWLER, Judge. *Affirmed.*

November 26, 1919, the plaintiff was riding as a guest in the rear seat of an automobile being driven easterly on Crooks street in the city of Green Bay. This street was

intersected at right angles by Adams street, thirty feet wide and paved with asphalt. Both streets were icy with a little sprinkling of snow. The automobile at a low rate of speed turned north from Crooks onto Adams street, and just when turning began to skid and continued skidding until it came to a stop on Adams street at a point thirty feet north of Crooks, with the front pointing about northeast and with its rear wheels not more than five feet from the west curb of Adams street. While at this point and while the driver had either changed or was just changing from high to low speed and was endeavoring to move forward and to get away from the west or wrong side of Adams street, defendant's truck came from the north on Adams street and with its left front fender struck the hub of the left hind wheel of the automobile with just force enough to make a slight dent in the fender and causing the automobile to raise and then drop and plaintiff to fall on the foot-rest in the rear end of the automobile, fracturing a bone of her spinal column.

There is some dispute in the testimony as to the distance the automobile and truck were apart when the respective drivers first saw or had an opportunity of seeing the other vehicle, the estimates varying from 100 to 200 feet. There is no claim that defendant's truck was being driven in excess of the lawful rate of speed, and the driver testified that upon seeing the automobile begin to skid just as it was turning the corner he shut off the power but did not then forcibly apply the brakes, partly through fear of the possibility of his truck also skidding.

The special verdict as submitted to and answered by the jury was as follows:

"(1) Did the driver of the truck fail to use ordinary care in respect to speed as he approached the street intersection? A. No.

"(2) Did the driver of the truck fail to use ordinary

care in respect to handling his truck when the automobile began to skid? *A.* No.

"(3) If 1 and 2, or either of them, you answer 'Yes,' answer 3: (3) Was the want of ordinary care thus found the proximate cause of the plaintiff's injury?"  (Not answered.)

The damages were assessed at $295.

No written motion by plaintiff for a new trial appears in the record, and the contention that the verdict was perverse by reason of the smallness of the allowance for damages is first here presented.  The trial court, however, considered and disposed of plaintiff's argument in written briefs for a new trial on her contention of error in the charge as to the second question.

The court directed judgment for defendant, from which plaintiff appeals.

For the appellant there was a brief by *Cady, Strehlow & Kaftan,* attorneys, and *Martin, Martin & Martin,* of counsel, all of Green Bay, and oral argument by *Joseph Martin* and *Robert A. Kaftan.*

For the respondent there was a brief by *Minahan, Minahan, Minahan & Duquaine* of Green Bay, and oral argument by *Edward M. Duquaine.*

ESCHWEILER, J.  An examination of the record convinces us that no actionable negligence on the part of defendant's driver in the management of the truck was shown, so that even if plaintiff's assignments of error were any of them well taken, nevertheless the result reached in the court below was so clearly right that it is our duty under sec. 3072*m,* Stats., to affirm the judgment without expressing any opinion upon the specific objections raised by plaintiff.

*By the Court.*—Judgment affirmed.